

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BART STOVER, | ) | CASE NO. 1:06-cv-2664 |
| | ) | (Criminal No. 1:04-cr-298) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before the Court is Petitioner Bart Stover's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 ("Motion"). (ECF No. 1.) For the reasons that follow, the Motion filed pursuant to § 2255 is **DENIED**, and the above-captioned case is dismissed without prejudice to the timely re-filing of a motion under § 2255 after Stover's pending appeal to the Sixth Circuit is concluded.[1]

## I. BACKGROUND

Stover was sentenced by this Court on April 12, 2005 to 240 months after a jury trial and

---

[1] Stover is expressly warned that 28 U.S.C. § 2255 contains a one-year period of limitation, and that it is his responsibility to fully familiarize himself with the events that trigger the activation of the one-year limitation period.

subsequent guilty verdict on charges under 21 U.S.C. § 846, 841(b)(1)(A)[2] and 851, and 21 U.S.C. § 843(b)[3] and 18 U.S.C. § 2[4]. *See ECF No. 1, 1. See also, case 1:04-cr-298 ECF No. 395*. On May 17, 2005, Stover appealed his judgment of conviction to the Sixth Circuit.[5] *See ECF No. 1, 2*. Stover filed the instant Motion on November 2, 2006, while his direct appeal is still pending. In the Motion, Stover argues as grounds for relief 1) that he was convicted under a statute that does not define a criminal offense; 2) prosecutorial misconduct for indicting him under such a statute; and 3) ineffective assistance of trial and appellate counsel for failing to raise the argument that Stover was prosecuted and convicted under such a statute.

## II. LEGAL STANDARDS

An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. See *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (citing *United States v. Davis*, 604 F.2d 474, 484-85 (7th Cir. 1979)). Furthermore, the Sixth Circuit has explicitly adopted the rule that a district court is precluded from considering a § 2255 application for relief during the pendency of a direct appeal unless extraordinary circumstances exist. *Capaldi*, 135 F.3d at 1124 (citing numerous other circuit court holdings, but primarily *Davis*, 604 F.2d at 484 ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction.")). An extraordinary circumstance exists when the need for speedy relief weighs more in favor of allowing the claim than the need to conserve judicial resources. *Davis*, 604 F.2d at 485.

---

[2] Conspiracy to Possess with the Intent to Distribute Marijuana and Cocaine

[3] Use of a Communication Facility to Facilitate the Commission of Drug Trafficking Offense

[4] Aiding and Abetting

[5] The Sixth Circuit docket number for Stover's direct appeal is 05-3562.

The rule is designed to ensure the orderly administration of justice and to preserve judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2d § 597, at 483 (motion under § 2255 "is not proper while an appeal from the conviction is pending since the disposition of the appeal may make the motion unnecessary.").

### III. ANALYSIS

Stover's conviction is on direct appeal with the Sixth Circuit, where he argues he was not advised of his constitutional right to testify on his own behalf. While Stover's ineffective assistance of counsel arguments may be properly brought in a § 2255 motion after the conclusion of his direct appeal, this Court is clearly precluded by Sixth Circuit precedent from considering the merits of Stover's Motion at this time: Stover's § 2255 Motion presents no extraordinary circumstances warranting an exception to the general rule, and none are otherwise apparent. Therefore, after balancing the need for speedy relief against the need for orderly administration of judicial resources, no extraordinary circumstances are present which would require the court to determine the issues presented in Stover's § 2255 motion during the pendency of his direct appeal.

Accordingly, in light of Stover's ongoing direct appeal, his § 2255 Motion is premature and plainly does not entitle him to any present relief. Thus, Stover's instant Motion is **DENIED** and this case is dismissed without prejudice to Stover's right to re-file a § 2255 motion once his pending appeal has become final.[6]

Further, the Court certifies that any appeal from this decision would not be taken in good

---

[6] Should Stover choose to re-file his § 2255 Motion after his pending appeal is finalized, that subsequent Motion should not be considered as a second or successive Motion pursuant to 28 U.S.C. § 2255.

faith and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. R. 22(b).

**IT IS SO ORDERED.**

                                                         */s/ Dan Aaron Polster*
                                                       **Dan Aaron Polster**
                                                       **United States District Judge**